# United States District Court
## for the Northern District of Oklahoma

---

Case No. 23-cr-325-JDR

---

UNITED STATES OF AMERICA,

*Plaintiff*,

*versus*

JASON MARK LONG,

*Defendant*.

---

## OPINION AND ORDER

---

Before the Court is Defendant Jason Mark Long's pro se motion requesting a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) [Dkt. 101]. With roughly three weeks of his prison sentence left to serve, Mr. Long asks this Court to grant him compassionate release, i.e., to reduce his sentence to time served, due to a change in his family circumstances.[1] Specifically, he alleges that the State of Oklahoma recently removed his twenty-month-old son from his wife's home and placed him in emergency foster care based on allegations of neglect, and that a hearing to determine whether their son can be placed in Mr. Long's custody or must remain in foster care is to be held in state court on January 9, 2026. Having considered the motion and materials presented by Mr. Long, Plaintiff's response in support of the motion [Dkt. 103], the record of the case, and applicable law, the Court finds and concludes that the motion shall be granted.

---

[1] Section 3582(c)(1) is "sometimes called the 'compassionate release' statute." *United States v. Hemmelgarn*, 15 F.4th 1027, 1029 (10th Cir. 2021).

No. 23-cr-325

I

On September 15, 2023, Mr. Long held a 9mm pistol to the head of his then-pregnant wife, F.W., and threatened to kill her while the two were present with others at the home of Mr. Long's mother. PSR at ¶ 9. Law enforcement officers investigating this instance of domestic violence confirmed that Mr. Long obtained the 9mm pistol and two rifles, despite being a previously convicted felon, because he directed F.W. to purchase these firearms from a pawn shop on his behalf. *Id.* at ¶ 10. Upon execution of federal search warrants, officers found ammunition at Mr. Long's residence and found the 9mm pistol, two .22 caliber handguns, and three assault rifle magazines loaded with .223 caliber ammunition at Mr. Long's mother's residence. *Id.* at ¶ 11. Officers later recovered the two rifles F.W. purchased for Mr. Long at the residence of Mr. Long's friend. *Id.* at ¶ 12.  Mr. Long's friend reported that Mr. Long brought the rifles to his home in September 2023. *Id.*

On September 21, 2023, Plaintiff filed a Complaint against Mr. Long charging him with one count of carrying, using, and brandishing a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii); and assault with a dangerous weapon with intent to do bodily harm in Indian Country, in violation of 18 U.S.C. §§ 1151, 1152, and 113(a)(3). Dkt. 1. A federal grand jury subsequently returned a two-count Indictment charging Mr. Long with these same offenses. Dkt. 14. Plaintiff filed a one-count Information on November 20, 2023, charging Mr. Long with one offense: being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Dkt. 42.

Nine days later, Mr. Long pleaded guilty, pursuant to a written plea agreement, to the single charge of being a felon in possession of a firearm. Dkts. 51, 74. In exchange for his guilty plea, Plaintiff agreed not to pursue additional criminal charges against Mr. Long "aris[ing] from its investigation of [his] actions and conduct giving rise to the instant Information" and agreed to seek dismissal of the Indictment. Dkt. 51.

No. 23-cr-325

In November 2024, this Court accepted Mr. Long's plea, adjudged him guilty, and imposed a thirty-three-month prison sentence to be followed by a three-year term of supervised release.[2] Dkts. 97, 98.

The Bureau of Prisons released Mr. Long to the Turley Residential Reentry Center on September 25, 2025, and released him to home confinement on October 23, 2025. Dkt. 101 at 2. Mr. Long anticipates that his sentence will be fully discharged on January 27, 2026. *Id.*; *see also* Federal Bureau of Prisons, Find an Inmate, https://www.bop.gov/inmateloc/ (query BOP Register No. 11784-062), last visited Jan. 5, 2026.

II

Federal district courts ordinarily lack authority to modify a previously imposed sentence. 18 U.S.C. § 3582(c). But § 3582(c)(1)(A)(i) provides that, "in any case," a court

> may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) after considering the factors set forth in [18 U.S.C. §] 3553(a) to the extent they are applicable, if [the court] finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i).[3]

---

[2] The United States Probation Office for the Northern District of Oklahoma prepared a presentence investigation report before sentencing using the 2023 Sentencing Guidelines Manual. PSR at 6. The Probation Office determined that Mr. Long's total offense level of 17 and criminal history category of III resulted in an advisory guidelines sentence of thirty to thirty-seven months' imprisonment. PSR at ¶ 73.

[3] Section 3582(c)(1)(A) permits defendant-filed motions but requires the defendant to exhaust administrative remedies by first seeking a reduction in sentence from the BOP.

*(footnote continues)*

No. 23-cr-325

In considering Mr. Long's request for a reduction in sentence, the Court applies the three-part test from *United States v. Maumau*, 993 F.3d 821, 831 (10th Cir. 2021). Step one requires a court to determine, in its discretion, whether "extraordinary and compelling reasons" exist to warrant a sentence reduction. *Id.* at 831, 834. Step two requires the court to find that a reduction in sentence is consistent with applicable policy statements issued by the Sentencing Commission. *Id.* at 831; *see also id.* at 834 (concluding that a district court's authority "to determine for themselves what constitutes 'extraordinary and compelling reasons'" "is effectively circumscribed by the second part of the statutory test, i.e., the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission"). Step three requires the court to consider any applicable § 3553(a) factors and determine whether a reduction in sentence authorized by steps one and two is warranted under the circumstances of the case. *Id.* at 831. A court may deny a motion for reduction in sentence "when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do[es] not need to address the others." *Hemmelgarn*, 15 F.4th at 1029. However, a court must address all three steps before granting a motion for reduction in sentence. *United States v. McGee*, 992 F.3d 1035, 1043 (10th Cir. 2021).

### III

Mr. Long asks this Court to reduce his sentence to time served so that he may increase his odds of obtaining custody of his twenty-month-old son who was recently removed from the home of Mr. Long's wife and placed in emergency foster care. Mr. Long alleges his son's recent removal from the home and foster care placement, the time he has already served, and his

---

18 U.S.C. § 3582(c)(1)(A). This exhaustion requirement is a claim-processing rule, not a jurisdictional requirement. *Hemmelgarn*, 15 F.4th at 1029-31. In any event, Mr. Long represents that he exhausted administrative remedies by requesting compassionate release from the warden of his residential reentry center, and Plaintiff does not argue otherwise. Dkt. 101 at 2, 20-21; Dkt. 103.

No. 23-cr-325

exemplary rehabilitation efforts combine to provide extraordinary and compelling reasons to reduce his sentence. Dkt. 101 at 2-4, 6-7. Mr. Long's son was born during Mr. Long's present term of incarceration, but he alleged he has formed a bond with his son through video and in-person visits. *Id.* After his release to home confinement, Mr. Long was able to visit with his wife and son for three days before Mrs. Long returned to her own home with their son. *Id.* Mr. Long later learned, and reported to the Mayes County Sheriff's Department, that his wife failed to protect their son and exposed their son to domestic violence committed against Mrs. Long by her new boyfriend. *Id.* On November 10, 2025, the state removed Mr. Long's son from Mrs. Long's custody, placed him in emergency foster care, and later filed a petition alleging Mr. Long's son is a deprived child who should remain in state custody. *Id.* at 2-3; Dkt. 101-1 at 14-16. Mr. Long asked the state to place his son in his custody rather than in foster care, but according to Mr. Long, that request was denied because Mr. Long remains in federal custody even though he has been released to home confinement. Dkt. 101 at 3. Mr. Long, who is represented by counsel in the state juvenile proceeding, alleges he has moved to dismiss the deprived-child petition to the extent that petition alleges that Mr. Long is at fault for their son's removal from Mrs. Long's home. *Id.* at 4; Dkt. 101-1 at 17-19. A hearing in the state juvenile proceeding is scheduled for January 9, 2026,—eighteen days before Mr. Long's anticipated release from BOP custody. Dkt. 101 at 4.

In support of his request for a reduction in sentence, Mr. Long also asks this Court to consider his postsentencing conduct and efforts at rehabilitation. Mr. Long alleges he has maintained a clean disciplinary record; has worked in the kitchen at two different institutions; has taken and completed multiple courses to reduce his risk of recidivism—including courses in parenting, anger management, and substance abuse—and the BOP has assessed his recidivism risk as low. Dkt. 101 at 4-5. Mr. Long further alleges that, since his release to home confinement, he has secured and maintained employment

No. 23-cr-325

with RAE Corporation in Pryor, Oklahoma; he has obtained his driver's license, a vehicle, and a home; and he volunteers through his church to mentor youthful offenders at the Thunderbird Youth Academy. *Id.* at 5.

Mr. Long also states that consideration of applicable § 3553(a) sentencing factors supports his request for compassionate release. Mr. Long contends that reducing his sentence to time served satisfies sentencing goals because he will have served all but three weeks of the sentence imposed, resulting in a prison sentence that still falls within the advisory guidelines range of thirty to thirty-seven months; the time he has served to date has sufficiently deterred him from committing further crimes; though relatively short, his sentence was harsher than necessary due to the fact that his father died and his son was born while Mr. Long was incarcerated; and his efforts at volunteering and becoming a taxpaying citizen show that he is not a threat to public safety. *Id.* at 5-6.

Plaintiff does not dispute any of Mr. Long's factual allegations or contest his assertion that reducing his sentence to time served is warranted under the circumstances. Plaintiff instead supports Mr. Long's request for compassionate release. Plaintiff represents that it verified "important facts in [Mr.] Long's motion with state authorities" and confirmed that a custody hearing is scheduled in state court for January 9, 2026. Dkt. 103 at 1. Plaintiff "agrees that Mr. Long should be released forthwith to attend the hearing" and asks the Court to grant his motion. *Id.*

## IV

### A

The Court finds, in its discretion, that the combined force of the removal of Mr. Long's son from Mrs. Long's home, his son's placement in emergency foster care, the alleged impediment to obtaining custody of his son created by Mr. Long's own custodial status while he completes the final three weeks of his federal sentence, and Mr. Long's undisputed evidence of

No. 23-cr-325

commendable rehabilitation efforts provide extraordinary and compelling reasons to reduce his sentence to time served.

B

The Court further finds that a reduction in sentence is consistent with USSG § 1B1.13, the applicable policy statement issued by the Sentencing Commission. Similar to § 3582(c)(1)(A), USSG § 1B1.13(a), provides that a reduction in sentence is warranted if the court determines (1) that "extraordinary and compelling reasons warrant the reduction," (2) that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)"; and (3) the reduction is consistent with [USSG § 1B1.13]." USSG § 1B1.13(a). Section 1B1.13(b), describes six types of circumstances that, alone or in combination, qualify as "extraordinary and compelling reasons" for a reduction in sentence. Relevant here, § 1B1.13(b)(3)(A) describes one set of family circumstances that might support a reduction in sentence as "[t]he death or incapacitation of the caregiver of the defendant's minor child." In addition, § 1B1.13(d) provides that "rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason" but that the defendant's rehabilitation "may be considered in combination with other circumstances in determining whether and to what extent a reduction in the defendant's term of imprisonment is warranted."

The Court finds that a reduction in sentence is consistent with § 1B1.13(b)(3)(A) and (d). Through the filing of the deprived-child petition and the action of placing Mr. Long's son in emergency foster care, the state effectively has alleged that Mrs. Long—through substance abuse and domestic violence committed against her—has become incapacitated and can no longer serve as a caregiver for Mr. Long's son. Dkt. 101-1 at 14-15. The state also alleges that Mr. Long cannot serve as a caregiver. *Id.* But, according to Mr. Long's uncontested assertion, the only impediment to obtaining custody of his son is the fact that he has roughly three weeks left to serve of his thirty-

No. 23-cr-325

three-month sentence. Dkt. 101 at 3-4; Dkt. 101-1 at 20. In these circumstances, a reduction in sentence is consistent with § 1B1.13(b)(3)(A).

Mr. Long has presented evidence of commendable rehabilitation efforts showing that a reduction in sentence also is consistent with § 1B1.13(d). Mr. Long represents he has maintained a clean disciplinary record and has worked throughout his prison term and has completed several BOP programs to address documented issues with substance abuse and anger management. Mr. Long's efforts at rehabilitation have carried through following his release to home confinement as he has obtained and maintained employment and has found an avenue to give back to the community by mentoring youthful offenders. Considered alongside his urgent family circumstances, Mr. Long's rehabilitation efforts provide extraordinary and compelling reasons to warrant a reduction in sentence. Further, as required by § 1B1.13(a)(2), the Court finds that Mr. Long's commendable postsentencing conduct and the BOP's assessment of his recidivism risk as low support his uncontested assertion that he does not pose a danger to the public.

## C

Lastly, the Court must consider the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable. 18 U.S.C. § 3582(c)(1)(A); *Maumau*, 993 F.3d at 831. Those factors include: "the nature and circumstances of the offense and the history and characteristics of the defendant"; "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct . . . to protect the public from further crimes of the defendant . . . [and] "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"; and "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a). In addition, "evidence of postsentencing rehabilitation may be highly relevant to several of the § 3553(a)

No. 23-cr-325

factors." *Pepper v. United States*, 562 U.S. 476, 491 (2011). "Postsentencing rehabilitation may also critically inform a sentencing judge's overarching duty under § 3553(a) to 'impose a sentence sufficient, but not greater than necessary' to comply with the sentencing purposes set forth in § 3553(a)(2)." *Id.* A defendant's "postsentencing conduct also sheds light on the likelihood that he will engage in future criminal conduct, a central factor that district courts must assess when imposing sentence." *Id.* at 492.

Preliminarily, consideration of the nature and seriousness of the offense conduct and Mr. Long's history and characteristics, presents a complicated picture that gives this Court pause. True, Mr. Long was convicted of a single count of being a felon in possession of a firearm. But the instant conviction is Mr. Long's second federal conviction for being a felon in possession of a firearm. PSR at ¶ 39; *see* N.D. Okla. Case No. 11-cr-162-GKF-1. Through his guilty plea, Mr. Long admitted he knew he could not possess firearms in September 2023 due to prior convictions. Even absent that admission, Mr. Long unquestionably knew he could not possess firearms when he directed F.W. to purchase three firearms from a pawn shop on his behalf and when he took two of those firearms (both rifles) to his friend's house after assaulting F.W. with the pistol he directed her to purchase. Moreover, Mr. Long's assault of F.W. was not the first time Mr. Long has either been charged with or convicted of assaulting a spouse. PSR at ¶¶ 36, 37, 51. That said, the record also suggests that Mr. Long's history and characteristics were adversely impacted by childhood and adolescent traumas and the more recent death of his daughter in 2018. Highly summarized, Mr. Long began cooking methamphetamine with his father at age five, watched his father fracture his mother's skull at age seven, began using marijuana at age ten, became a father for the first time at age sixteen, obtained his first felony conviction (for shooting with intent to kill) at age twenty, and buried a teenage daughter at age forty. PSR at ¶¶ 31, 57, 58, 67. These circumstances certainly do not excuse Mr. Long's instant offense conduct or his criminal history, but they do provide context. And

No. 23-cr-325

other portions of the record, including letters from some of his adult children, show that despite substance abuse issues and criminal behavior, Mr. Long has developed and maintained good relationships with his children. PSR at ¶ 58; Dkt. 92-4. On balance, the first factor neither favors nor forecloses a reduction in sentence.

And consideration of other applicable sentencing factors and Mr. Long's postsentencing conduct convince the Court that a reduction in sentence to time served will result in sentence that is sufficient but not greater than necessary to "promote respect for the law" and "provide just punishment" and to "protect the public from further crimes of the defendant." 18 U.S.C. § 3553(a)(2). Specifically, Mr. Long has served more than ninety-seven percent of his thirty-three-month sentence, has been released to home confinement, and has roughly twenty days left to serve; has completed several BOP programs and shown positive postsentencing conduct resulting in a low risk of recidivism; and has thus far successfully reentered the community as evidenced by his efforts to obtain employment, a vehicle, and a home and his volunteer with youthful offenders. Mr. Long's documented commitment to rehabilitation and his urgent and ongoing need to provide a stable home for his twenty-month-old son persuade this Court that Mr. Long is strongly motivated to refrain from committing further crimes that could result in his return to prison.

In sum, on consideration of applicable § 3553(a) factors and Mr. Long's postsentencing conduct, the Court finds that reducing Mr. Long's sentence to time served will provide a sentence that is sufficient but not greater than necessary to reflect the seriousness of his offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of Mr. Long.

No. 23-cr-325

V

IT IS THEREFORE ORDERED that Mr. Long's motion for compassionate release [Dkt. 101] is granted, and his term of imprisonment is reduced to time served. The Bureau of Prisons shall immediately release Mr. Long (BOP Register No. 11784-062) from custody so that he may begin serving his three-year term of supervised release.

IT IS FURTHER ORDERED that immediately upon release from BOP custody, but in no event later than seventy-two hours, Mr. Long must report in person to the United States Probation Office for the Northern District of Oklahoma. All terms and conditions of supervision previously imposed remain unchanged. While on supervised release, Mr. Long must not commit another federal, state, or local crime. Mr. Long must not own, possess, or have access to a firearm, ammunition, destructive device, or other dangerous weapon. Mr. Long must, at the direction of the U.S. Probation Officer, cooperate with and submit to the collection of a DNA sample for submission to the Combined DNA Index System. Further, Mr. Long must not possess a controlled substance and must refrain from any unlawful use of a controlled substance. Mr. Long must submit to one drug test within fifteen days of release on supervised release and at least two periodic drug tests within 120 days for use of a controlled substance.

IT IS FURTHER ORDERED that the Clerk of Court shall email a copy of this opinion and order to the United States Probation Office for the Northern District of Oklahoma.

DATED this 6th day of January 2026.

JOHN D. RUSSELL
*United States District Judge*